IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CLIFFORD LELIKONA PARKER,

        Petitioner,

  v.

A. P. KANE, Warden,

        Respondent.

_____/

No. C 03-4924 SBA (PR)

**ORDER GRANTING PETITION
FOR WRIT OF HABEAS CORPUS**

On November 4, 2003, Petitioner Clifford Lelikona Parker filed a petition in this district for a writ for habeas corpus concerning the decisions by the California Board of Parole Hearings (Board)[1] to deny him parole in 2001 and 2004. His petition was denied. He timely appealed to the Ninth Circuit Court of Appeals. On August 2, 2010, the Ninth Circuit affirmed in part and reversed in part the decision of the district court. As to the 2001 Board decision, the Ninth Circuit concluded that the "state court did not unreasonably conclude that some evidence supports the Board's 2001 decision." (Ninth Cir. Aug. 2, 2010 Memorandum at 2.) However, as to the 2004 Board decision, the Ninth Circuit held that the "state court unreasonably concluded that some evidence supports the Board's 2004 decision." (Id. (citing Hayward v. Marshall, 603 F.3d 546, 562 (9th Cir. 2010) (en banc) ("The prisoner's aggravated offense does not establish current dangerousness 'unless the record also established that something in the prisoner's pre- or post-incarceration history, or his or her current demeanor and mental state' supports the inference of dangerousness.") (quoting In re Lawrence, 190 P.3d 535, 555 (Cal. 2008)). The Ninth Circuit reversed the district court with respect to the Board's 2004 decision and remanded with instructions to grant the writ.

      The mandate of the Ninth Circuit issued on August 24, 2010.

      In accordance with the Ninth Circuit's mandate, Petitioner's petition for a writ of habeas corpus is GRANTED, as directed below.

_____

[1] On July 1, 2005, the California Board of Parole Hearings replaced the Board of Prison Terms. Cal. Pen. Code § 5075(a).

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1    Also before the Court is Petitioner's "Request for Relief in Compliance with Order from

2    Ninth Circuit Court of Appeals" (docket no. 39).  Respondent has filed an opposition and a

3    supplemental opposition to the motion for relief.

4          While the aforementioned appeal was pending, the record shows that the Board granted

5    Petitioner parole during his parole suitability hearing on September 2, 2009.  (Resp't Ex. 1; Pet'r

6    August 11, 2010 Motion at 1.)  Pursuant to California Penal Code § 3041.1, the Governor requested

7    an en banc review of the parole grant, and the Board, sitting en banc, voted to hold a rescission

8    hearing.  (Resp't Ex. 2, Dec. 31, 2009 En Banc Board Request; Ex. 3, Feb. 22, 2010 En Banc Board

9    Decision at 2.)  During the Aug. 4, 2010 rescission hearing, the Board found no good cause to

10   rescind its decision and affirmed the 2009 decision finding Petitioner suitable for parole.  (Resp't Ex.

11   4, Aug. 4, 2010 Board Decision.)  The Board's decision became final on August 25, 2010, and the

12   Board has prepared a memorandum ordering Petitioner's release on parole.  (Resp't Ex. 5, Aug. 25,

13   2010 Board Memo.)

14         Petitioner requests for relief in compliance with the Ninth Circuit's mandate.  He also argues

15   that he is entitled to discharge from parole upon release because he should be credited against his

16   parole with the excess time he served, stating: "Petitioner requests that this Court order him

17   discharged from parole, since the addition of time he has served since 2004 far except the statutory

18   parole period." (Pet'r August 11, 2010 Motion at 2.)   Petitioner contends that his parole term is a

19   five year parole period.  (Id. at 1.)  He claims that had he been released on the date to which he was

20   entitled in 2004 (had he been found suitable for parole by the Board), his five-year parole period

21   would have long since expired.  (Id. at 1-2.)  Respondent, who filed a Supplemental Opposition after

22   the Board has issued its August 25, 2010 Memorandum ordering Petitioner's release on parole,

23   requests that Petitioner's motion for relief be denied as moot, stating: "Parker's imminent release on

24   parole renders this relief meaningless." (Supp. Opp'n at 3.)  Respondent also opposes Petitioner's

25   request to eliminate his parole period, stating, "Although the Ninth Circuit has determined that

26   Parker is entitled to habeas relief, he is not entitled to the complete elimination of his parole period."

27   (Resp't Aug. 20, 2010 Opp'n at 8.)  Petitioner's motion for relief is GRANTED in part as to his

28                                                      2

1    request for relief in compliance with the Ninth Circuit's mandate.  Accordingly, this case is

2    remanded to the Board to carry out its 2009 decision that Petitioner is suitable for parole.  However,

3    the Court will not grant Petitioner's request that this Court order him discharged from parole.  The

4    Court abstains from making this decision and instead remands to the Board for its determination of

5    the length of Petitioner's parole term and whether he should be discharged rather than paroled.

6                                            **CONCLUSION**

7            Accordingly, the Court grants the petition for a writ of habeas corpus, vacates its December

8    22, 2006 habeas denial relating to the Board's 2004 denial, and remands to the Board to implement

9    its 2009 decision finding Petitioner suitable for parole.  Petitioner's motion for relief is GRANTED

10   in part as to his request for relief in compliance with the Ninth Circuit's mandate, and the Court

11   abstains from ruling on Petitioner's request that this Court order him discharged from parole.  The

12   Board shall determine the length of Petitioner's parole term, if any.

13          Within **three (3) days** of the date of this Order, Respondent shall notify the Court of

14   Petitioner's parole date.  Within **three (3) days** thereafter, Respondents shall notify the Court

15   whether Petitioner has been released.  The Court retains jurisdiction to enforce its Order.  The Clerk

16   shall enter judgment and close the case.

17          This Order terminates Docket no. 39.

18          IT IS SO ORDERED.

19   DATED: 8/30/10                          _____
                                            SAUNDRA BROWN ARMSTRONG
20                                          United States District Judge

21

22

23

24

25

26

27

28   G:\PRO-SE\SBA\HC.03\Parker4924.remand-grantHC.wpd                    3

1   UNITED STATES DISTRICT COURT

2   FOR THE

3   NORTHERN DISTRICT OF CALIFORNIA

4

5

6   PARKER,                                    Case Number: CV03-04924 SBA

7              Plaintiff,                      **CERTIFICATE OF SERVICE**

8       v.

9   CULLEN,

10             Defendant.
    _____/

11

12   I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
     Court, Northern District of California.

13
     That on August 30, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said
14   copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said
     envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
15   located in the Clerk's office.

16

17

18   Clifford L. Parker
     J-43369      BW-226U
19   PO Box 689
     Soledad, CA 93960-0689
20
     Dated: August 30, 2010
21
                                               Richard W. Wieking, Clerk
22                                             By: LISA R CLARK, Deputy Clerk

23

24

25

26

27

28   G:\PRO-SE\SBA\HC.03\Parker4924.remand-grantHC.wpd

**United States District Court**
For the Northern District of California